IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

LUIS RICARDO ÁVILA-MONELL,

Defendant.

CRIMINAL NO.  17-335 (GAG)

## REPORT AND RECOMMENDATION

Defendant Luis Ricardo Ávila-Monell was charged in a two count Indictment and he agreed to plead guilty to Count One of the Indictment.  Count One charged Defendant with possession of a firearm in furtherance of a drug trafficking crime, all in violation of 18, United States Code, Section 924(c)(1)(A)(i).

On June 12, 2018, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through Defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and

---

[1]  The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Luis Ricardo Ávila-Monell
Criminal No. 17-335 (GAG)
Report and Recommendation
Page 2

―――――――――――――――――――――――

ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charges contained in above stated Count One, he was examined and verified as being correct that he had consulted with his counsel, Israel Alicea-Luciano, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representatives and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the Government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his

United States of America v. Luis Ricardo Ávila-Monell
Criminal No. 17-335 (GAG)
Report and Recommendation
Page 3

right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact, if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The statutory penalties for the offense charged in Count One of the Indictment is a term of imprisonment not less than five (5) years and not more than life; a supervised release term of not more than five years, and a fine of not more two hundred and fifty thousand dollars ($250,000.00).

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A.

Having ascertained directly from Defendant that he had not been induced in any

United States of America v. Luis Ricardo Ávila-Monell
Criminal No. 17-335 (GAG)
Report and Recommendation
Page 4

_____

way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea and Forfeiture Agreement (Pursuant to Fed. R. Crim. P. 11(c)(1)(B))" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to Defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which Defendant already was aware of the maximum possible penalties, Defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, Defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate an agreement that appears on page three (3), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. With respect to Count One, U.S.S.G. §2K2.4(b) establishes that the advisory Guidelines sentence is the minimum term of imprisonment required by statute, that is, five years, pursuant to 18 U.S.C. §924(c)(1)(A)(i).

_____

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

The parties do not stipulate as to any Criminal History Category for Defendant.

At sentencing, the parties shall jointly recommend an imprisonment sentence of five (5) years. The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation set in paragraph nine (9) of the Plea Agreement shall constitute a material breach of the Plea and Forfeiture Agreement.

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted offense level and no variance sentence under Title 18, United States Code, Section 3553 shall be sought by the parties. The parties agree that any request by either party for such further adjustment or departure will be considered a material breach of the Plea and Forfeiture Agreement.

Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), Defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): including but not limited to a Taurus pistol bearing serial number L43653, loaded with 10 round of 9mm of ammunition. Defendant acknowledges that he possessed the Property in violation of Title 18, United States Code, Section 924(c), as set forth in Count One of the Indictment, and that the Property is therefore subject to forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

At sentencing, should Defendant comply with the terms of the Plea and Forfeiture Agreement, the Government will move to dismiss all remaining Counts charged in the Indictment.

As part of the written Agreement, the Government, the Defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by Defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears. Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, his attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any

promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the Advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole.  Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.  Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law.  With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.  Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea and Forfeiture Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences.  Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same

with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that he agreed with the Government's evidence as to his participation in the offense. Thereupon, Defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 17-335 (GAG).

This Magistrate Judge after having explained to the Defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 17-335 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for October 9, 2018 at 9:00 am before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792

United States of America v. Luis Ricardo Ávila-Monell
Criminal No. 17-335 (GAG)
Report and Recommendation
Page 9

F.2d 4 (1st Cir. 1986).  See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840

F.2d 985, 991 (1st Cir. 1988).

San Juan, Puerto Rico, this 15th day of June of 2018.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE